RECEIVED
OCT 2 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DAVID CHANEY, ET AL | CIVIL ACTION NO. 05-0641 |
| VERSUS | JUDGE DOHERTY |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a Motion to Quash and for Protective Order filed by one of the defendants, American Family Life Assurance Company of Columbus [hereinafter sometimes referred to as "AFLAC"] concerning the Notice of 30(b)(6) Deposition issued by the plaintiffs. The motion is opposed by the plaintiffs.

As noted in the briefs for both counsel, this Court expressly granted permission to the parties to conduct discovery limited to those areas necessary to this Court's jurisdictional inquiry, the standard of review for which is established in <u>Hansen v. Continental Insurance Company</u>, 940 F.2d 971 (5th Cir. 1991). The plaintiff has noticed the corporate deposition of AFLAC pursuant to this Court's order and the defendant objects to (a) the scope of the proposed discovery and (b) the fact that the plaintiff has noticed the deposition to take place in Lafayette, Louisiana rather than Columbus, Georgia.

The defendant's arguments concerning the proper scope of discovery make no mention of the standard of review this Court has expressly declared it will employ to ascertain whether or not

jurisdiction exists herein – a standard of review which necessarily defines the scope of relevance for purposes of the proposed discovery. Instead of referring to the jurisdictional test established in Hansen, AFLAC characterizes the factual inquiry so narrowly as to impede the discovery necessary for the jurisdictional inquiry in which this Court will engage at the evidentiary hearing to be held on the plaintiffs' Motion to Remand. The defendant's arguments are not well-founded and are hereby overruled.

However, the defendant's objection concerning the location of the deposition is well-founded. It is generally true that a deposition must be taken within the judicial district in which a party is domiciled, and the plaintiff has acknowledged this generally-accepted standard. Unless an agreement can be reached to the contrary, the deposition should be taken within the federal district in which AFLAC is domiciled. Second, it is virtually impossible to secure a hotel room in Lafayette, Louisiana at this particular point in time – a fact which continues to wreak havoc with this Court's trial schedule – consequently the plaintiffs' point is, as a practical matter, a moot one. Consequently, plaintiff has presented no argument to convince this Court to deviate from the generally accepted rule and the deposition will be taken in the district where AFLAC is domiciled. Should the plaintiffs desire to secure the subpoenaed documents prior to the date of the actual deposition – as they indicated in their briefing – they are free to amend their notice for that purpose and defendant should respond to the request in a time and manner to allow plaintiff *meaningful review* of those documents in order to properly prepare for the depositions and thus avoid the possible necessity of multiple trips to Georgia.

For the foregoing reasons, the Motion to Quash and for Protective Order will be denied in part and granted in part. The corporate deposition of AFLAC will proceed as noticed, except as to the location, which will be moved to the federal district in which AFLAC's home office is located. The plaintiffs will re-notice the deposition accordingly.

Lafayette, Louisiana, this ___ day of October, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT by fax
DATE 10.21.05
BY ___
TO DiCarlo, Strange, Morrison, Walsh, Munro